# NO. 12-09-00319-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *APRIL SYLVA,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH  COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

April Sylva[1] appeals her conviction for possession with intent to deliver a controlled substance.   Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.

## BACKGROUND

Appellant was charged by indictment with the offense of possession with intent to deliver a controlled substance, methamphetamine, in an amount of four grams or more, but less than 200 grams, a first degree felony.[2]   The indictment further alleged that Appellant committed the offense "within 1,000 feet of real property owned by and rented to and leased to a school and school board, namely, Lindale Primary School."  Appellant pleaded guilty to the offense charged in the indictment. Appellant and her counsel signed a document entitled "terms of plea and any agreed punishment recommendation," an acknowledgment of admonishments, a waiver of jury trial, an agreement to stipulate testimony, and a stipulation of evidence judicially confessing to the offense alleged in the indictment.  The trial court accepted Appellant's plea, found that the evidence substantiated Appellant's guilt, deferred further proceedings without entering an

---

[1]  In the record, Appellant sometimes spells her surname as "Silva," and  she acknowledges that she is also known as "April Hoskin."

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (a), (d) (Vernon 2010).

adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for ten years.[3] The trial court also ordered that Appellant pay court costs, and restitution.

The State filed an application to proceed to final adjudication, alleging that Appellant had violated the terms of her community supervision. Appellant and her attorney signed a written plea admonishment and stipulation of evidence, admitting as "true" all four paragraphs of the allegations in the State's application. At the hearing on the application, Appellant again pleaded "true" to the allegations contained in the State's application. After a hearing, the trial court found it true that Appellant violated her community supervision, revoked Appellant's community supervision, and adjudged Appellant guilty as charged as alleged in the indictment. The trial court assessed Appellant's punishment at thirty years of imprisonment, a $10,000.00 fine, and court costs.[4] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that her counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[5] We have reviewed the record for reversible error and have found none.

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby **granted**. *See In re*

---

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2010).

[4] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2010).

[5] Counsel for Appellant certified that he provided Appellant with a copy of her brief and informed Appellant that she had the right to file her own brief. Appellant was given time to file her own brief, but the time for filing such a brief has expired and we have received no pro se brief.

*Schulman*, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3; *In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

We *dismiss* Appellant's appeal.

Opinion delivered December 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)